448 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Leonard CHRISTIAN, Appellant.**

Superior Court of Pennsylvania.

Argued June 2, 1982.

Filed July 23, 1982.

Petition for Allowance of Appeal Denied Nov. 19, 1982.

Larry D. Feldman, Philadelphia, for appellant.

duty upon a social host which requires that he or she guarantee the lawfulness of a guest's future conduct.

Marianne E. Cox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

On February 26, 1975, Appellant entered pleas of guilty to charges of Criminal Trespass[1] and Theft by Unlawful Taking.[2] On the charge of Criminal Trespass, Appellant was sentenced to a seven-year period of probation, conditioned upon his completion of an in-patient drug rehabilitation program. Appellant was also sentenced to a two-year concurrent probation on the charge of Theft by Unlawful Taking. Appellant did not file an appeal from either judgment of sentence.

On February 22, 1977, Appellant appeared for a hearing on his violation of probation. Appellant was sentenced and subsequently paroled. On May 20, 1980, Appellant appeared for a hearing on his second violation of probation. Appellant's probation was revoked, and he was sentenced to imprisonment for a 3½ to 7-year period. This is an appeal from the judgment of sentence.

The only issue raised by Appellant is whether or not his guilty plea of February 26, 1975, was defective because he allegedly received ineffective assistance of counsel.[3]

Appellant cannot attack the validity of his prior guilty plea in this appeal. *See Commonwealth v. Nance*, 290 Pa.Super.Ct. 312, 434 A.2d 769 (1981).

1. 18 Pa.C.S.A. § 3503.

2. *Id.* § 3921.

3. Appellant also claims that he has not received the notes of testimony from the guilty plea colloquy. While it is uncontested that Appellant has a right to receive the notes of testimony, it is not clear that the testimony has not been transcribed or that the transcript has been lost. Until the lower court has ruled that the transcript is unavailable, the issue is not ripe for our review.

In *Nance,* the defendant entered a guilty plea and received a sentence of probation. Subsequently, the defendant was convicted of new charges, and his probation was revoked. In his appeal from the judgment of sentence, the defendant attempted to attack the guilty plea which, he argued, he was coerced by his counsel to enter. Like Appellant, the defendant in *Nance* had filed neither a direct appeal from the order of probation nor a PCHA petition. Our court held that the issue of the validity of the guilty plea must first be raised before the trial court in a PCHA hearing. The case was, therefore, remanded for an evidentiary hearing on the validity of the guilty plea.

In *Nance* our court held that the defendant had not waived the issue of the guilty plea because his failure to appeal from the order of probation did not constitute a *knowing* waiver. *Id.,* 290 Pa.Superior at 317, 434 A.2d at 771.

In the instant appeal, there is nothing to suggest—nor does Appellant allege—either that he was coerced into entering the plea or that counsel failed to inform him of his right to appeal from the order of probation.

In *Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425 (1975), the supreme court stated:

> The knowing failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based.

*Id.,* 465 Pa. at 205, 348 A.2d at 427. Under *Gilmore,* Appellant has waived his right to attack the guilty plea of February 26, 1975.

For the foregoing reasons, the instant appeal is quashed, and the judgment of sentence is affirmed.