561 A.2d 1240

**COMMONWEALTH of Pennsylvania**

v.

**Donald GIBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1989.

Filed July 13, 1989.

572

Sondra R. Rodigues, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and WATKINS, JJ.

OLSZEWSKI, Judge:

Donald Gibson appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his convictions for two counts of robbery and criminal conspiracy.

On January 17, 1983, Donald Gibson and an accomplice approached Randell Green and Josette Brown as they were walking down a street. Gibson and the accomplice wore ski masks. While Gibson asked the victims for the time, the accomplice proceeded to grab Josette Brown and point a handgun at her. The accomplice then ordered her into an alley where he proceeded to take her coat, camera, and wristwatch. While bending down to retrieve these items, Brown succeeded in knocking the accomplice's gun to the ground. In response, the accomplice ripped off his ski mask, scrambled for the gun, grabbed the items on the ground, and fled with Gibson.

On August 1, 1983, following a thorough colloquy, Gibson pled guilty to two counts of robbery and criminal conspiracy. The Honorable Ricardo C. Jackson accepted the guilty pleas and proceeded to defer sentencing pending the receipt of a pre-sentence investigation and mental health evaluation. Thereafter, Gibson was sentenced to consecutive terms of five years' probation on each of the robbery counts, conditioned on his agreement to obtain his GED and employment. Gibson did not seek to modify this sentence and did not file an appeal.

Two years later, Gibson was convicted of simple assault and recklessly endangering another person. Since this violated his earlier ten-year probationary sentence, he was ordered to appear before Judge Jackson. Gibson, however, failed to appear.

One and one-half years later, Gibson was again arrested. Following a hearing before Judge Jackson, Gibson's probationary sentences were revoked. Instead, Gibson was sentenced to consecutive terms of two and one-half to five years' imprisonment on each count of robbery. The instant appeal followed.

On appeal, Gibson alleges that: (1) his guilty plea was not entered voluntarily, knowingly, and intelligently; (2) counsel was ineffective in failing to: (a) object to a Rule 1100 violation, (b) challenge the voluntariness of his guilty plea, (c) object to the trial court's failure to specifically state its reasons for revoking his probation, and (d) file a motion to modify sentence; and (3) his due process rights were violated when the trial court failed to state the reasons for the revocation of his probation.

Initially, Gibson challenges the validity of his guilty plea. Gibson also alleges that counsel was ineffective in failing to challenge the voluntariness of this plea.

■ A review of the record reveals that Gibson has failed to file a direct appeal from the order of probation or a petition under the Post Conviction Hearing Act to challenge the validity of the guilty plea. As such, this issue is not properly before this Court since an appellant cannot challenge the propriety of this issue until it has been challenged in the trial court. *Commonwealth v. Nance*, 290 Pa.Super. 312, 434 A.2d 769 (1981); *Commonwealth v. Christian*, 302 Pa.Super. 253, 448 A.2d 623 (1982). Where, however, an appellant alleges that his failure to appeal from the order of probation did not constitute a knowing waiver, this Court has held that an appellant has not waived his right to challenge the validity of his guilty plea. *Christian, supra.* Accordingly, the issue for our review is whether Gibson has alleged that his failure to appeal from the order of probation was knowing.

In his brief, Gibson merely asserts that counsel was ineffective for failing to challenge the validity of the plea. He does not, however, allege that counsel failed to inform him of his right to appeal nor that counsel coerced him into entering the plea. This Court is inclined to hold that a bald allegation of ineffectiveness of counsel will not serve to preserve this issue for our review. Accordingly, Gibson has waived his right to attack the guilty plea.

Next, Gibson alleges that counsel was ineffective for failing to object to a Rule 1100 violation and to preserve this issue for appellate review.

■ A plea of guilty effectively waives all nonjurisdictional defects and defenses. *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987). As such, this Court has unequivocally held that an alleged irregularity in proceedings prior to a plea of guilty, including an alleged violation of Rule 1100, would be reviewable to the extent that it affected the voluntariness of the guilty plea itself. *Commonwealth v. Riviera*, 254 Pa.Super. 196, 385 A.2d 976 (1978). Accordingly, although a violation of Rule 1100 would normally constitute reversible error, said violation may not be challenged where it does not affect the voluntariness of the plea. *Id.*

■ Where, however, the appellant can demonstrate that he did not knowingly waive his right to challenge said violation, and if he can demonstrate that the violation of Rule 1100 induced his guilty plea, he may be entitled to pursue his claim. *Commonwealth v. Harris*, 492 Pa. 381, 424 A.2d 1242 (1981). As such, the appellant may allege that the waiver resulted from the ineffective assistance of trial counsel. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). In asserting a claim of ineffective assistance of trial counsel, an appellant must demonstrate that his underlying claim is of arguable merit. *Id.* Where, however, the rights to a speedy trial were fully explained to an appellant at a hearing during which he proceeded to sign an agreement to waive such rights, counsel will not be deemed ineffective for failing to challenge an alleged Rule 1100 violation. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980).

■ Instantly, Gibson has failed to link his Rule 1100 claim to the voluntariness of his guilty plea. As such, he has not demonstrated that his ability to challenge the alleged Rule 1100 claim has not been waived. Moreover, a review of the record demonstrates that Gibson effectively

waived his right to a speedy trial as there was an on-the-record colloquy establishing the waiver and a signed statement indicating that the waiver was made knowingly and voluntarily. Accordingly, counsel cannot be deemed ineffective for failing to challenge Gibson's right to a speedy trial when Gibson knowingly and voluntarily waived this right. In sum, Gibson has waived his opportunity to challenge the propriety of his claim.

Next, Gibson asserts that his right to due process was violated when the trial court failed to state reasons for revoking his probation. Gibson also alleges that trial counsel was ineffective for failing to raise this issue and for failing to file a motion to modify sentence. Upon review of the instant case, it is apparent that since trial counsel failed to raise this issue, and thereby failed to preserve this issue for appellate review, this issue has been waived unless said failure is due to the ineffective assistance of trial counsel. *Commonwealth v. Broadie*, 339 Pa.Super. 394, 489 A.2d 218 (1985) (failure to file a motion to modify sentence waives all sentencing issues for appellate review, except those involving the legality of the sentence). Accordingly, we must first determine if counsel was ineffective for failing to raise this issue.

In pursuing a claim of ineffective assistance of counsel, an appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel lacked any reasonable basis for his actions or inactions; and (3) he was prejudiced by counsel's actions or inactions. *Pierce, supra.* With regard to Gibson's underlying claim, a trial judge is required to state on the record his reasons for the imposition of a particular sentence. *Commonwealth v. Kane*, 315 Pa.Super. 212, 461 A.2d 1246 (1983). In doing so, this statement must reflect the judge's consideration of the sentencing code, the circumstances of the offense, and the character of the offender. *Id.* Case law mandates that these requirements are equally applicable when the court imposes sentence following the revocation of probation. *Id.* Pursuant to *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d

12 (1988), however, which addressed the failure of a trial court to articulate its reasons on the record for the imposition of a particular sentence, the existence of a presentence report eliminates the need for an on-the-record articulation of the reasons for the imposition of a particular sentence. As such, since this Court has held that the same requirements are equally applicable to situations involving the imposition of sentence as to situations when the imposition of sentence follows the revocation of probation, the holding in *Devers, supra,* is equally applicable to the latter situation.

■ With this in mind, we may proceed to the merits of Gibson's claim. In doing so, it is obvious that Gibson attacks the effectiveness of his trial counsel, but fails to allege any prejudice as a result of this claim. Accordingly, Gibson has failed to comply with all of the mandates of *Pierce, supra.* Further, in consideration that the trial judge was in possession of a presentence report and psychiatric examination report when imposing Gibson's original sentence, the requirements set out in *Devers* have been met. It would be judicially uneconomical to insist that a trial judge reorder such reports pursuant to the revocation of probation, especially where the trial judge presided over a violation of probation hearing during which he had ample opportunity to entertain any and all relevant evidence. Accordingly, Gibson has failed to show that trial counsel acted ineffectively.[1] As such, since a finding of ineffective assistance was required to preserve this issue for appellate review, the issue has been waived.[2]

1. It should be noted that all of the case law and statutory authority relied upon by Gibson clearly fails to support his underlying claim. In essence, the use of this authority serves no useful purpose.

2. It should also be noted that since Gibson's claim challenged the discretionary aspects of sentencing, he should have, but failed to, comply with the procedural mandates set forth in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), which requires compliance with the provisions of Pa.R.A.P. 2116(b) and Pa.R.A.P. 2119(f). *Commonwealth v. Chilquist,* 378 Pa.Super. 55, 548 A.2d 272 (1988). Since, however, the Commonwealth failed to challenge this failure, Gibson's noncompliance would not have resulted in the waiver of his

Accordingly, based upon the aforementioned reasons, this Court affirms the judgment of sentence.

claim had we found his ineffectiveness allegation to be of arguable merit. *Commonwealth v. Phillips,* 368 Pa.Super. 231, 533 A.2d 1039 (1987).