J-S57019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STANLEY K. JOHNSON | |
| Appellant | No. 3228 EDA 2013 |

Appeal from the PCRA Order October 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011626-2009

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 27, 2014**

Appellant, Stanley K. Johnson, appeals from the October 30, 2013 order dismissing, without a hearing, his amended petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the procedural background of this case as follows.

> On January 21, 2011, before [the trial] court, [Appellant] plead[ed] guilty on CP-51-CR-0011626-2009 for the following charges: Rape by Forcible Entry, [] Involuntary Deviate Sexual Intercourse by Forcible Compulsion, [] Unlawful Contact with a Minor (Relating to Sexual Offenses), [] Incest, [] Endangering Welfare of Children (Parent/Guardian), [] and Simple Assault Against a Child Under 12 Years

of Age by an Adult over 21 Years of Age, [].[1]  At the time [Appellant] plead[ed] guilty, the court gave [Appellant] a below the guideline sentence of 120 months['] probation for the crime of Incest. Sentencing for the remaining crimes was deferred pending a presentence investigation report and a Megan's Law assessment.

On April 29, 2011, [the trial] court, equipped with an assessment from the Pennsylvania Sexual Offenders Assessment Board, found [Appellant] to be a sexually violent predator.  On September 16, 2011, [the trial] court sentenced [Appellant] to a guideline sentence of 7 to 16 years['] incarceration followed by 180 months['] probation for the crime of Rape; an above the guideline sentence of 7 to 16 years['] incarceration followed by 180 months['] probation for the crime of Involuntary Deviate Sexual Intercourse; a below the guideline sentence of 180 months['] probation for the crime of Unlawful Contact with a Minor; a below the guideline sentence of 84 months['] probation for the crime of Endangering the Welfare of Children; and a guideline sentence of 60 months['] probation for the crime [of] Simple Assault against a Child.  The court ordered the two incarceration sentences to run concurrently to each other and all probation sentences to run consecutive to these incarceration sentences. All probation sentences were ordered to run concurrently to each other.

On November 17, 2011, [Appellant] filed a *pro se* [PCRA] Petition.  On February 2, 2012, Elayne Bryn, Esq. was appointed to represent [Appellant]. On October 25, 2012, Ms. Bryn filed an Amended PCRA Petition on [Appellant's] behalf.  On March 15, 2013, the Commonwealth filed a Motion to Dismiss [Appellant's] PCRA Petition.  On September 27, 2013, the [PCRA] court filed a Rule 907 Notice as the [PCRA] court had determined that the issues raised

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 6318(a)(1), 4302, 4304(a), and 2701(b)(2), respectively.

in the Amended PCRA Petition were without merit. On October 30, 2013, [the PCRA] court dismissed [Appellant's] PCRA Petition. [2]

Trial Court Opinion, 1/15/14, at 1-3 (footnote omitted).

On appeal, Appellant raises the following issue for our review.

> I.    [Was] Trial counsel [] ineffective for failing to raise [A]ppellant's Rule 600 motion before the trial court[?]   [Was] Appellant [] entitled to a dismissal of the charges against him because he was brought to trial after 365 days had expired[?]

Appellant's Brief at 3.

We note the following principles, which guide our consideration of an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.   The PCRA court's credibility determinations, when supported by the record, are binding on this Court.   However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted).   Further, in order

---

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.   After filing his initial timely Rule 1925(b) statement, the trial court granted Appellant extensions to file an amended concise statement, if necessary, upon receipt and review of the entire record by counsel.   No amended statement was filed.

to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting* *Commonwealth v. Turetsky,* 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also* Pa.R.Crim.P. 907. "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and citation omitted). We review a PCRA court's decision to dismiss without a hearing for abuse of discretion. *Id.* at 604.

Appellant alleges ineffectiveness of trial counsel. When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Birdsong***, 24 A.3d 319, 330 (Pa. 2011).

Appellant's specific claim is that his trial counsel was ineffective for failing to seek dismissal of the charges pursuant to Pennsylvania Rule of

Criminal Procedure 600 prior to the entry of his guilty plea.[3] Appellant's

Brief at 11.

> Counsel failed to obtain a determination of the Rule 600 issue and [A]ppellant suffered prejudice because the remedy for the speedy trial issue was the dismissal of the charges against him. Appellant was entitled to a dismissal of the charges against him because he was brought to trial after 365 days had expired.

_____

[3] Appellant indicated in his PCRA petition, and in his statement-of-the-case portion of his appellate brief, that he filed a *pro se* motion for dismissal based on Rule 600 on December 29, 2010, which was never ruled on by the trial court. Appellant's Brief at 4; Amended PCRA Petition, 10/25/12, at 3, ¶ 10. While the filing of the *pro se* Rule 600 motion is indicated in the docket, there is no indication the *pro se* motion was forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4) (providing for docketing of *pro se* filings by represented defendants and directing the clerk of courts to forward a time-stamped copy of the filing to the Commonwealth and defense counsel). We also note that, apart from the guilty plea hearing transcript, no documents from the trial court record that predate the filing of Appellant's November 18, 2011 *pro se* PCRA petition, including Appellant's *pro se* motion, have been included in the record certified to this Court.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by [A]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

**Commonwealth v. Martz**, 926 A.2d 514, 524-525 (Pa. Super. 2007) (internal quotation marks and citations omitted), *appeal denied*, 940 A.2d 363 (Pa. 2008).

Appellant's Brief at 22.

As noted above, Appellant entered a guilty plea to the charges in this matter. At his guilty plea hearing, the trial court advised Appellant that, by pleading guilty, he gave up all of his rights and challenges except issues pertaining to the jurisdiction of the court, the voluntariness of his plea, and the legality of his sentence. N.T., 1/21/11, at 9-10. Appellant acknowledged his understanding, and upon further colloquy, the trial court stated it was "satisfied … that [Appellant] has made a knowing, intelligent and voluntary plea of guilty."[4] *Id.* at 12.

Critical to this appeal, Appellant did not allege in his amended PCRA petition or in his Rule 1925(b) statement that his plea was not knowing intelligent and voluntary, or that he was in any way induced to enter his guilty plea and waive his speedy trial rights as a result of counsel's alleged deficient representation. This is fatal to his claim.

> A plea of guilty effectively waives all nonjurisdictional defects and defenses. As such, this Court has unequivocally [sic] held that an alleged irregularity in proceedings prior to a plea of guilty, including an alleged violation of Rule 1100, [now Rule 600,] would be reviewable to the extent that it affected the voluntariness of the guilty plea itself. Accordingly, although a violation of Rule 1100 would

---

[4] The PCRA court also notes that Appellant signed a written guilty plea colloquy wherein Appellant acknowledged that by pleading guilty he was "[giving] up speedy trial rights and [Appellant's] right under Rule 600…." Trial Court Opinion, 1/15/14, at 4, *quoting* Written Guilty Plea Colloquy, at 2. Again, we note the written guilty plea colloquy is not contained in the record certified to this Court.

> normally constitute reversible error, said violation may not be challenged where it does not affect the voluntariness of the plea.
>
> Where, however, the appellant can demonstrate that he did not knowingly waive his right to challenge said violation, and if he can demonstrate that the violation of Rule 1100 induced his guilty plea, he may be entitled to pursue his claim. As such, the appellant may allege that the waiver resulted from the ineffective assistance of trial counsel. In asserting a claim of ineffective assistance of trial counsel, an appellant must demonstrate that his underlying claim is of arguable merit. Where, however, the rights to a speedy trial were fully explained to an appellant at a hearing during which he proceeded to sign an agreement to waive such rights, counsel will not be deemed ineffective for failing to challenge an alleged Rule 1100 violation.

*Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989) (citations omitted), *appeal denied*, 581 A.2d 568 (Pa. 1990).

Here, Appellant does not challenge or seek to withdraw his plea. In his PCRA petition, Appellant merely sought an adjudication of his Rule 600 claim, which he alleges trial counsel failed to pursue.

> Trial counsel was ineffective for failing to raise petitioner's Rule 600 motion before the trial court. Petitioner was entitled to a dismissal of the charges against him because he was brought to trial after 365 days had expired. Petitioner has met his burden under **Strickland**/**Pierce** and he is entitled to the dismissal of all charges.

- 8 -

Amended PCRA Petition, 10/25/12, at 4, ¶ 11.[5]

Absent a challenge to the voluntariness of his plea and the showing of some nexus between trial counsel's alleged ineffectiveness and the entry of an allegedly unknowing or involuntary plea and its attendant waivers, we conclude Appellant has failed to demonstrate any prejudice in counsel's failure to pursue a waived claim. *See Gibson*, *supra*.

For these reasons, we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's PCRA petition without a hearing. Accordingly, we affirm the October 30, 2013 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2014

_____

[5] Appellant baldly asserts in his brief that "Appellant was not adequately informed by counsel when he pled guilty." Appellant's Brief at 22. However, Appellant did not allege this in his amended PCRA petition and may not raise the issue for the first time on appeal. *See* Pa.R.A.P. 302(a) (declaring issues not raised in the trial court are waived and cannot be raised for the first time on appeal). Furthermore, Appellant provides no exposition or development of this claim in his appellate brief.