J-S74023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CORNELL SUTHERLAND :
:
Appellant : No. 3703 EDA 2015

Appeal from the PCRA Order November 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003313-2012

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY STEVENS, P.J.E.:

**FILED FEBRUARY 08, 2017**

While I agree with the Majority's conclusion that Appellant's PCRA petition is patently untimely and that he failed to demonstrate any of the statutory exceptions applied to his time-barred petition, even had Appellant overcome the PCRA time-bar, this Court has held a "person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003) (citations omitted).

As the trial court stressed in its Rule 1925(a) Opinion, Appellant had the benefit of an extensive oral colloquy in addition to the written one he

---

[*] Former Justice specially assigned to the Superior Court.

had completed. Trial Court Opinion, filed 11/20/15, at 8-9. In his signed written colloquy, Appellant indicated that he did not have any physical or psychological problems that would prevent him from understanding his plea, and he confirmed this at the outset of his oral colloquy. During his oral colloquy, the trial court explained what the Commonwealth would have to prove were Appellant to go to trial and the maximum penalties that could be imposed along with the collateral consequences of his plea.

In addition, the trial court deferred sentencing for four days at Appellant's request to enable his family to be present. Although he had these additional days to reconsider his plea, he never requested to withdraw the same. *See id.* at 9.

Moreover, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990). Appellant did not pursue a direct appeal; therefore, Appellant's guilty plea provides an additional basis for waiver of the ineffective assistance of counsel challenges he purports to assert herein. *Id*.

Therefore, Appellant's frivolous claims, even if timely asserted, would not merit relief.