J-S11035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE PETTAWAY | : | |
| | : | |
| Appellant | : | No. 1203 WDA 2016 |

Appeal from the PCRA Order June 8, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005725-2006,
CP-02-CR-0005729-2006, CP-02-CR-0006010-2006,
CP-02-CR-0006031-2006

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED FEBRUARY 21, 2017**

Appellant Wayne Pettaway appeals the Order entered in the Court of Common Pleas of Allegheny County on June 8, 2016, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA). [1] We affirm.

Appellant was charged in four separate Criminal Informations in July of 2006. The PCRA court previously set forth the facts and procedural history as follows:

> On October 24th, 2007, [Appellant] entered into a negotiated plea whereby the Commonwealth agreed not to pursue additional penalties, and [Appellant] agreed to plead

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

guilty but mentally ill to all counts of CC Nos. 200605725, 20065729, 200606010, and 200606031 for a sentence of 10 years but not more than 20 years at Count 1 of CC No. 200605725, Attempted Serious Bodily harm, a felony of the first degree, and a sentence of 10 years but not more than 20 years at Count 2 of CC No. 200606010, Serious Bodily Harm Committed in the Course of Theft, a felony of the first degree, with no further penalty at the remaining counts of all criminal informations.

Due to [Appellant's] alleged mental illness and the need for psychological evaluation, sentencing was deferred until March 18th, 2008, at which time [Appellant] once again agreed to the plea. The sentences at CC Nos. 200705725 and 200606010 were to run concurrent to one another. [Appellant] was represented by Alan Patterson, III, Esq. at both the plea and at the sentencing hearing. No direct appeal was taken from the judgment of sentence.

A *pro se* Post-Conviction Relief Act (PCRA) Petition was filed by [Appellant] on April 9th, 2008, and on April 30, 2008, attorney Charles R. Pass III, Esq., was appointed by this [c]ourt to represent [Appellant] on his PCRA claim. Attorney Pass also filed an amended PCRA Petition on September 17, 2008, and an evidentiary hearing was heard on November 14th. At the hearing, Attorney Pass informed the [c]ourt that [Appellant] intended to withdraw his Amended PCRA Petition. The [c]ourt questioned [Appellant] to determine if that was truly [Appellant's] intention, as Attorney Pass represented, to which [Appellant] replied "Yes, sir."

This [c]ourt accordingly entered an Order to Grant [Appellant's] withdrawal of the Amended PCRA Petition. No further action was initiated by any of [Appellant's] subsequent counsel, or by the Petitioner in a *pro se* capacity, in regard to the Amended PCRA petition.

PCRA Court Opinion, filed 2/25/13, at 1-2 (unnumbered).

Despite Appellant's decision to withdraw his initial PCRA petition, he has filed numerous *pro se* documents and PCRA petitions since 2008. The instant appeal arises from Appellant's *pro se* Writ of Error filed on May 9, 2016, which the PCRA court had treated as an untimely PCRA petition and

denied in its Order of June 8, 2016. On August 20, 2016, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed a document purporting to be the same on September 5, 2016. Spanning more than two pages of single-spaced typed text, Appellant's Rule 1925(b) statement is essentially an unfocused and sparsely punctuated assortment of what he terms "error" and "major error."

In its Rule 1925(a) Opinion, the PCRA court endeavored to characterize Appellant's claims set forth in his "(Concise Statement of Error Complained of on Appeal)" as follows:

> First, a City of McKeesport police officer and another induvial [sic] conspired and committed perjury or making a false statement. Second, the trial judge—John Zotolla-erred when he convicted [Appellant] without any evidence, failing to dismiss the case in a pre-trial setting and for participating in plea negotiations. Third, his trial lawyer, Alan Patterson, failed to make make [sic] objections, failed to ask for a postponement or dismissal. Fourth, his constitutional protection against double jeopardy was compromised. Fifth, using a previous conviction that is later vacated to enhance a sentence should not be allowed. Sixth, the US Supreme Court's *Alleyne*[2] decision applies here. Seventh, evidence must be admitted before a fact finder can use it to support its guilt determination. Eight, there is a problem with the Allegheny County Court of Common Pleas having the necessary power to adjudicate these matters. His ninth and final error (as best as this [c]ourt can ascertain from his writing) concerns a lack of documents in his prison file to justify that facility from detaining him.

---

2 *Alleyne v. U.S.*, ____ U.S. _____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Trial Court Opinion, filed 9/22/16, at 1-2. Upon noting Appellant's instant PCRA was untimely filed and that no exception to the PCRA time-bar applied, the PCRA court observed that even if the petition had been timely:

> Having the proper documents in one's prison file is not relief which the PCRA speaks to. The matters of which he was convicted happened in McKeesport, Pennsylvania. That city is in Allegheny County. Jurisdiction was proper. The *Alleyne* decision has been determined to not apply in retroactive fashion. Commonwealth v. Washington, 37 EAP 2015 (Pa. July 19, 2016) ("We hold that *Alleyne* does not apply retroactively to cases pending on collateral review…"). The remaining claims are all matters which could have been part of a direct appeal or an otherwise timely post-conviction petition.

***Id***. at 2.

As the trial court's inability to discern the issues Appellant wishes to present on appeal makes clear, Appellant's "(Concise Statement of Error Complained of on Appeal)" fails to set forth specific, reviewable claims, and his appellate brief does little to clarify or develop the issues he wishes to present. Instead, his brief fails in numerous ways to comport with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2116(a)("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail"); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of

- 4 -

authorities as are deemed pertinent"). In addition, Appellant fails to develop legal arguments with citation to meaningful authority rationally related to support of any of his claims Pa.R.A.P. 2119(b). Indeed, his assertions are often simply unintelligible. The following quotation illustrates the type of averments Appellant makes throughout his brief:

> 8. Rule 126 Citation of authority, at sentencing double jeopardy was committed against me…. 9. Rule 126 Citation of Authority, under the mandatory minimum sentence U.S. v. Alleyne the mandatory minmum [sic] sentence [sic] is unconstitutional.

Appellant's Brief at 10 (unnumbered) (ellipsis in original, unnecessary capitalization omitted). Moreover, Appellant fails to set forth an argument as to why the PCRA court erred by dismissing as time-barred his latest PCRA petition.

While this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. In the instant case, the defects in Appellant's brief are substantial, and his argument is rambling and often incoherent. However, to the extent he attempts to challenge the legality of his sentence under **Alleyne**, we will consider that claim below.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."   42 Pa.C.S.A. § 9545(b)(2).   Moreover, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses."   **Commonwealth v. Gibson**, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990).

Herein, Appellant was sentenced on March 18, 2008, and he filed neither a post-sentence motion nor a direct appeal with this Court.   Thus, Appellant's judgment of sentence became final thirty days thereafter on April 18, 2008.   **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review"). A timely PCRA petition had to be filed by April 18, 2009; therefore, the instant PCRA petition filed on May 9, 2016, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one year time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Liberally construed, Appellant's PCRA petition purports to invoke 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly recognized constitutional right" exception to the time-bar under **Alleyne**. However, in **Commonwealth v. Washington**, ___ Pa. ____, 142 A.3d 810 (2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court held that "*Alleyne* does not apply retroactively to cases pending on collateral review, and that [a]ppellant's judgment of sentence, therefore, is not illegal on account of *Alleyne*." **Id**. at ___, 142 A.3d at 815. In addition, **Alleyne** was decided in 2013, and Appellant did not file the instant PCRA petition until May 9, 2016. Accordingly, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2), ("Any petition invoking an exception provided in paragraph (1)

shall be filed within 60 days of the date the claim could have been presented").

For the foregoing reasons, Appellant's PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time bar. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017

---

[3] On December 22, 2016, Appellant filed *pro se* his "Disposition Without Reaching the Merits," and we denied the same in a *Per Curiam* Order filed on December 29, 2016. On January 23, 2017, Appellant filed an "Application For Clarification: On Disposition without Reaching the Merits of the Case." Docketed by the Prothonotary as an "Application for Clarification," this filing reads in its entirety as follows: "I received a date of January, [sic] 30 2017, Deputy Prothonotary Nicholas Corsetti Esq. Sir I was wondering should I file another brief sir…." (ellipsis in original). In light of our foregoing determination, and Appellant's subsequent filing on January 26, 2017, of an "Application to Strike January 23, 2017, Application for Clarification," Appellant's Application for Clarification is dismissed as moot.