J-S75019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY STEPHEN LAMBING | : | |
| | : | |
| Appellant | : | No. 505 WDA 2017 |

Appeal from the PCRA Order February 22, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0002847-2013,
CP-65-CR-0002876-2013

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2018**

Cory Stephen Lambing appeals, *pro se*, from the Order entered in the Court of Common Pleas of Westmoreland County, on February 22, 2017, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, without a hearing.  Lambing's appointed counsel had been given leave to withdraw as counsel after filing a ***Turner***/***Finley***[1] no merit letter.  The PCRA petition was denied as being untimely.  In this timely appeal, Lambing raises a number of substantive issues, but does not address the timeliness of his petition.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Briefly, on September 18, 2013, Lambing entered into a negotiated guilty plea to charges of receiving stolen property, defiant trespass, burglary and theft by unlawful taking.[2]  The agreed upon, and imposed, sentence was for 2-5 years' incarceration to be followed by 5 years of probation.  Lambing did not file a direct appeal.  Accordingly, his sentence became final on October 18, 2013.  Lambing filed this, his first, PCRA petition on November 3, 2016.  Counsel was appointed.   After a thorough review of the record, counsel recognized that the petition was facially untimely and there were no applicable exceptions to the one-year statutory time limit.  Counsel filed a **Turner**/**Finley** no-merit letter detailing the PCRA court's lack of jurisdiction and requesting leave to withdraw as counsel.  Permission was granted and the PCRA court ultimately dismissed the petition without a hearing pursuant to Pa.R.Crim.P. 907.  Lambing filed this timely appeal.[3]

We begin by noting our well-settled standard of review:

_____

[2]  18 Pa.C.S. §§ 3925(a), 3503(b)(1)(i), 3502(a)(2), and 3921(a), respectively.

[3] As noted above, Lambing does not address the timeliness issue.  Although his Pa.R.A.P. 1925(b) statement claims governmental interference and facts were previously unknown to him, neither of these claims were raised in the petition and neither are developed on appeal.  The closest Lambing comes to describing previously unknown facts is his statement, "But what is one to do as in Appellant['s] case when he was talked into accepting a plea to a charge [burglary] that he was actually innocent of committing by his public defender and was not aware of this until almost a year before his 5 year maximum sentence."  **See** Pa.R.Crim.P. 1925(b) statement at 2. Lambing does not explain how he did not know he did not commit a burglary until years after his guilty plea.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

*Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

Before we may examine any substantive claim raised by Lambing, we must review the record to determine if the PCRA court correctly dismissed the petition as untimely.

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Moreover, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses." ***Commonwealth v. Gibson***, 385 Pa.Super. 571, 561 A.2d 1240, 1242 (1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990).

***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017).

As noted above, Lambing's judgment of sentence became final on Friday, October 18, 2013, thirty days after imposition of sentence when no direct appeal was filed. Therefore, Lambing had one year from that date, specifically October 20, 2014,[4] in which to file a timely PCRA petition. However, Lambing did not file his petition until November 3, 2016, more than two years after the statutory time limit had expired. PCRA counsel could not discover an applicable timeliness exception and Lambing did not claim a timeliness exception. The PCRA court also found no applicable timeliness exception. Our review of the certified record leads us to conclude the PCRA[5]

---

[4] One year from 10/18/2013 was Saturday, 10/18/2014. Accordingly, Lambing had until the following Monday, 10/20/2014, to file a timely PCRA petition.

[5] ***See Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (The ***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court

court committed no error of law in finding the instant petition was untimely, no timeliness exceptions were applicable, and therefore, the PCRA court had no jurisdiction to address the substance of the petition. Without jurisdiction to address the petition, the PCRA court correctly dismissed the petition without a hearing.

Based upon the foregoing, Lambing is not entitled to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018

---

or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit....). Instantly, although the PCRA court did not explicitly state so, it is apparent from the 1925(a) opinion that the PCRA court conducted an independent review. This Court has also conducted an independent review of the certified record.