J-S15021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES HOLMES, | : | |
| | : | |
| Appellant | : | No. 1224 EDA 2017 |

Appeal from the Judgment of Sentence March 30, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004751-2016

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 09, 2018**

Appellant, James Holmes, appeals from the Judgment of Sentence entered by the Delaware County Court of Common Pleas after he entered a negotiated guilty plea to one count of Possession of a Controlled Substance with Intent to Deliver ("PWID").[1]  After careful review, we affirm.

The trial court set forth the underlying facts and we need not repeat them in detail.  **See** Trial Court Opinion, filed 6/29/17, at 1-3.  Briefly, on March 30, 2017, Appellant entered a negotiated guilty plea to one count of PWID stemming from Appellant selling crack cocaine to an undercover police officer in April and May of 2016.  That same day, the trial court sentenced

_____

[1] 35 P.S. § 780-113(a)(30).

Appellant to an aggregate term of 15 to 48 months' incarceration, followed by a consecutive term of two years' probation.

Appellant did not file a post-sentence motion. On April 5, 2017, Appellant filed a timely *pro se* Notice of Appeal, and the trial court appointed appellate counsel. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

I. Should [Appellant's] guilty plea be deemed invalid due to it not being knowing, intelligent and voluntary, warranting withdrawal of same[?]

II. Was there a violation of Rule 600 speedy trial rights requiring dismissal of [Appellant's] charges[?]

Appellant's Brief at 4.[2]

In his first claim, Appellant challenges the validity of his guilty plea. Appellant's Brief at 8-13. Specifically, Appellant argues, *inter alia*, that plea counsel caused him to enter an unknowing and involuntary plea because the plea colloquy was deficient. **Id.** Before we address the merits of Appellant's claim, we must first determine whether Appellant preserved this issue in the court below.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Where an appellant failed to

---

[2] We caution Appellant's counsel to review our rules of appellate procedure governing briefing requirements, specifically Pa.R.A.P. 124(a)(3) (relating to double spacing of text), and Pa.R.A.P. 124(a)(4) (relating to size of typeface).

challenge his guilty plea in the trial court, he may not do so on appeal. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003). An appellant may not cure his failure by raising the issue in his Pa.R.A.P. 1925(b) Statement of Errors. *Id.*

In order to preserve a challenge to the validity of a guilty plea, the appellant must either object during the sentencing colloquy, at the sentencing hearing, or by filing a post-sentence motion. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). *See also Commonwealth v. May*, 402 A.2d 1008, 1009 n.3 (Pa. 1979) (holding that where, in the trial court, appellant sought to withdraw his guilty plea based upon the specific claim that appellant "did not fully understand the significance of the sentence to be imposed," appellant waived, for appellate review, the additional claim that he was entitled to withdraw his guilty plea because he "did not understand the felony murder rule and his plea was[, therefore, not] knowingly entered.").

Here, Appellant failed to challenge the validity of his guilty plea during his sentencing hearing. *See* N.T. Plea, 3/30/17, at 30-50. Appellant did not file a post-sentence motion or otherwise seek to withdraw his guilty plea. Accordingly, this claim is waived because Appellant never requested that the trial court permit him to withdraw his plea. Pa.R.A.P. 302(a); *Watson*, 835 A.2d at 791.

Further, even if the claim were not waived, the claim would fail on its merits. "A defendant who attempts to withdraw a guilty plea after sentencing

must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." ***Id.***

Pa.R.Crim.P. 590, which pertains to procedures for entering pleas and plea agreements, requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is voluntarily and knowingly tendered. The comments to Pa.R.Crim.P. 590 specify that "nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." ***Id.***

We have reviewed Appellant's written and oral guilty plea colloquies, and conclude that the record belies Appellant's claim that they were deficient and, thus, unknowing and involuntary. The Honorable James F. Nilon, Jr., sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing relevant case law in addressing Appellant's claim. ***See*** Trial Court Opinion, filed 6/29/17, at 3-19 (concluding Appellant's guilty plea was knowing, voluntary, and intelligent because: (1) the court inquired into the areas required under Pa.R.Crim.P. 590; (2) the court informed Appellant of his post-sentence and appellate rights; (3) Appellant purportedly

feeling "pressured" at the time he entered the guilty plea did not invalidate his plea; (4) Appellant specifically informed the court that his PTSD did not interfere with his understanding of the proceedings or his plea, and on appeal Appellant may not contradict these statements contained in the record; (5) the denial of Appellant's motion to quash had nothing to do with the guilty plea; and (6) Appellant's ineffectiveness claims should be deferred until post-conviction collateral proceedings).

In his second issue, Appellant avers that, since he was not brought to trial within 180 days and should have been released pre-trial on nominal bail, his "case should be dismissed for these Rule 600 violations." Appellant's Brief at 14-15. This claim is meritless.

By entering a plea of guilty, a defendant effectively waives "all non-jurisdictional defects except the legality of his sentence and the validity of his plea." *Commonwealth v. Rush*, 909 A.2d 805, 807 (Pa. Super. 2006) (citation and quotation marks omitted). A defendant who pleads guilty cannot successfully raise a Rule 600 challenge unless he can show that the Rule 600 violation affected the voluntariness of the plea itself. *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989). *See also Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (holding defendant waived claim of error pursuant to Rule 600 by entering a guilty plea).

Here, Appellant's guilty plea waived any claim of error pertaining to an alleged Rule 600 violation. **See Barbaro**, 94 A.3d at 391 n.2.[3] Thus, he is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18

---

[3] Even assuming Appellant's guilty plea did not result in waiver, Appellant's Rule 600 claim lacks merit. Much of the delay was the result of Appellant's requesting seven continuances in order to obtain additional information from the Commonwealth or to continue negotiating for a county sentence. **See** Trial Court Opinion at 20; N.T. Plea, 3/30/17, at 26-27 (noting that counsel's efforts successfully lowered the Commonwealth's original offer after negotiations). Moreover, Appellant's claim is technically moot because he is serving a sentence following a conviction and is no longer incarcerated in pre-trial detention. **See Commonwealth v. Sloan**, 907 A.2d 460, 468 (Pa. 2006) (recognizing that a Rule 600(B) claim regarding pre-trial release on nominal bail is "technically moot" once the defendant is serving a sentence following conviction).