J-A27029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE TAYLOR | : | |
| | : | |
| Appellant | : | No. 941 EDA 2021 |

Appeal from the PCRA Order Entered May 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010995-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE TAYLOR | : | |
| | : | |
| Appellant | : | No. 942 EDA 2021 |

Appeal from the PCRA Order Entered May 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011330-2014

BEFORE:   PANELLA, P.J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED FEBRUARY 14, 2022**

Andre Taylor appeals[1] from the order, entered in the Court of Common

Pleas of Philadelphia, denying his petition filed pursuant to the Post Conviction

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Taylor's appeal pertains to two separate docket numbers CP-51-CR-0011330-2014 and CP-51-CR-0010995-2014.  He has filed two separate
*(Footnote Continued Next Page)*

Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm the PCRA court's order, and we rely on the opinion authored by the Honorable J. Scott O'Keefe.

On December 28, 2015, Taylor, a serial strangler,[2] entered an open guilty plea to two counts each of aggravated assault, robbery, unlawful restraint, and possession of instruments of crime. On October 28, 2016, after reviewing the presentence report, mental health and neuropsychology evaluations, and sentencing memoranda, the court held a sentencing hearing. The court sentenced Taylor to an aggregate term of imprisonment of 50 to 100 years. Taylor filed a motion for reconsideration of sentence, which the court denied. *See* Order, 11/7/16.

On direct appeal, this Court affirmed Taylor's judgment of sentence. *Commonwealth v. Taylor*, 3478 EDA 2016 (Pa. Super. filed April 30, 2018) (unpublished memorandum decision). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Taylor*, 195 A3d 563 (Pa.

---

appeals, docketed at 941 EDA 2021 and 942 EDA 2021, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (where single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case). *See* Pa.R.A.P. 341(a). We have consolidated his appeals, docketed at 941 EDA 2021 and 942 EDA 2021, *sua sponte*. *See* Order, 7/16/21. *See also* Pa.R.A.P. 513.

[2] Taylor has a disturbing history of strangling women, robbing them and leaving them for dead. His three prior convictions stemmed from offenses on March 24, 2001, April 10, 2002, and June 25, 2002. Taylor kept a journal, which "chillingly describes how he has choked dozens of girls, how he regrets that he did not kill them, lists hundreds of new potential victims and vows to make sure he does not make the same mistake again–leaving them alive." Trial Court opinion, 7/6/21, at 3.

2019). On January 7, 2019, Taylor filed a *pro se* PCRA petition. The PCRA court appointed counsel, who fled an amended petition on February 25, 2019. The court held an evidentiary hearing on March 30, 2021 and, on May 3, 2021, the court denied Taylor's petition. This timely appeal followed.

Taylor raises one issue for our review:

Did the trial court err in denying post-conviction relief [] after an evidentiary hearing when [Taylor] was never advised that the sentences for the cases to which he entered open guilty pleas could run consecutively, meaning that the total possible sentence was fifty (50) to one hundred (100) years, which was ultimately imposed, rendering his plea unknowingly entered?

Appellant's Brief, at 4.

Taylor argues that his plea colloquy was deficient, and that plea counsel was ineffective for failing to explain the maximum penalty he was facing. Taylor is not entitled to relief.

When reviewing the PCRA court's denial of post-conviction relief, we must determine whether the court's findings are supported by the record and free of legal error. **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). In doing so, we accord great deference to the PCRA court's credibility determinations, and, where supported by the record, they are binding on this Court. **Id.**

To be entitled to relief on a claim of ineffectiveness of counsel, a PCRA petitioner must establish all three prongs of the ineffective assistance of counsel test set forth in **Commonwealth v. Pierce**, 527 A.2d 973, 975–76 (Pa. 1987). A petitioner must demonstrate: "(1) the underlying claim has

arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [the petitioner] suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011). We begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).

Where the underlying ineffectiveness implicates a guilty plea, such a claim provides relief only "if the ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Diaz**, 913 A.2d 871, 872 (Pa. Super. 2006). This test is analogous to "the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea." **Id.** Because "a plea of guilty effectively waives all non-jurisdictional defects and defenses," **Commonwealth v. Gibson**, 561 A.2d 1240, 1242 (Pa. Super. 1989), "after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (en banc).

After our review, we agree with Judge O'Keefe's determination that the record belies Taylor's claims. **See** Trial Court Opinion, **supra** at 8-10, citing Written Guilty Plea Colloquy, 12/28/15, at 1 (stating "I know I can go to jail for up to 100 years and be fined $150k for the crimes I committed"). **See**

- 4 -

*Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citing *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003)) ("A person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."). Moreover, the PCRA court found Taylor's testimony at the evidentiary hearing was not credible. *Id.* at 9. Accordingly, no relief is due.

We affirm the order denying PCRA relief based on Judge O'Keefe's opinion. The parties are directed to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022