J-S56012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLARENCE JACK KIRK | : | |
| | : | |
| Appellant | : | No. 666 MDA 2018 |

Appeal from the PCRA Order March 28, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0001083-2016

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED JANUARY 25, 2019**

Appellant, Clarence Jack Kirk, appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  In June 2015, Appellant entered an agreement with Victim to fix the leaky roof on Victim's home.  Appellant accepted payment for the job, but he did not complete the work.  After several failed attempts to have Appellant return to Victim's home and satisfactorily finish the work on the roof, Victim filed a civil complaint against Appellant.  The court entered judgment against Appellant and in favor of Victim in the amount of $4,717.11.  Appellant, however, continually failed to pay the judgment to Victim.  As a result, the

Commonwealth charged Appellant with home improvement fraud and deceptive business practices.

On November 7, 2016, Appellant entered an open guilty plea to one count of deceptive business practices. On December 20, 2016, the court sentenced Appellant to eleven (11) to twenty-four (24) months' incarceration, plus restitution in the amount of $4,717.11. Appellant did not file an appeal. Appellant timely filed his first *pro se* PCRA petition on December 18, 2017, and the court appointed PCRA counsel on December 22, 2017. PCRA counsel filed a petition for leave to withdraw and a **Turner/Finley**[1] no-merit letter on January 22, 2018. On February 27, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, per Pa.R.Crim.P. 907, and granted counsel's petition to withdraw.

Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on March 26, 2018. The PCRA court dismissed Appellant's petition on March 28, 2018, and on April 13, 2018, Appellant timely filed a *pro se* notice of appeal. On April 18, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues on appeal:

> (1) DID THE PCRA COURT ERR IN DENYING RELIEF ON APPELLANT'S CLAIM THAT [PLEA COUNSEL] WAS

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988).

CONSTITUTIONALLY INEFFECTIVE FOR ADVISING APPELLANT TO PLEAD GUILTY TO AN ILLEGAL SENTENCE?

(2) DID THE PCRA COURT ERR IN DENYING RELIEF ON APPELLANT'S CLAIM THAT THE CUMULATIVE EFFECT OF [PLEA COUNSEL]'S ERRORS PREJUDICED APPELLANT?

(3) DID THE PCRA COURT ERR IN DENYING RELIEF ON APPELLANT'S CLAIM THAT THE COMMONWEALTH ENGAGED IN MALICIOUS PROSECUTION OF APPELLANT?

(4) DID THE PCRA COURT ERR IN GRANTING LEAVE TO COURT-APPOINTED PCRA COUNSEL…TO WITHDRAW AS HIS **TURNER/FINLEY** "NO MERIT" LETTER FAILED TO MEET THE TECHNICAL PREREQUISITES OF **TURNER/FINLEY** WHICH VIOLATED APPELLANT'S RULE-BASED RIGHT TO THE APPOINTMENT OF COUNSEL FOR HIS FIRST PCRA PROCEEDING?

(5) DID THE PCRA COURT ERR IN SUMMARILY DISMISSING APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING FOR MERITORIOUS CLAIMS FOR RELIEF CONTRARY TO PENNSYLVANIA AND FEDERAL JURISPRUDENCE AS WELL AS APPELLANT'S RULE-BASED RIGHT TO MEANINGFUL POST CONVICTION PROCESS?

(Appellant's Brief at 6).[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

---

[2] In his third issue, Appellant raises the claim of malicious prosecution as if on direct appeal. A claim of malicious prosecution, however, is not legally cognizable under the PCRA. 42 Pa.C.S.A. § 9543. Therefore, we will give issue three no further attention.

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

In issues one and two, Appellant argues plea counsel was ineffective for advising Appellant to plead guilty in an unlawful prosecution. Appellant alleges that Detective Renee Castellani of the Lackawanna County District Attorney's office contacted Appellant on three separate occasions demanding that Appellant pay the balance of the civil judgment or face criminal charges. Appellant asserts Detective Castellani violated the rules of civil procedure when she rejected Appellant's offer to pay the civil judgment in installments. Appellant contends Detective Castellani's violation of the rules of civil procedure rendered Appellant's criminal proceedings illegal. Appellant insists he could not knowingly, intelligently, or voluntarily plead guilty when the process was unlawful. Appellant maintains plea counsel was ineffective for her failure to inquire fully into Detective Castellani's behavior and examine Appellant's good faith efforts to meet his obligation. Appellant further avers

plea counsel was ineffective for her failure to know the rules of civil procedure. Appellant concludes this Court should vacate his guilty plea and sentence or, in the alternative, remand for the appointment of new PCRA counsel and an evidentiary hearing. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he

knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993).

Significantly, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990). "When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea."[3] *Commonwealth v. Jones*, 593 Pa. 295, 308, 929 A.2d 205, 212 (2007). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

Instantly, on November 7, 2016, Appellant executed a written guilty plea colloquy fully communicating his decision to plead guilty. In the written colloquy, Appellant acknowledged the voluntariness of his plea, his responsibility for the charged crime, and his understanding of the maximum penalty and restitution required for the offense to which he pled guilty. Appellant also recognized the rights he relinquished by pleading guilty,

---

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). Appellant does not challenge the discretionary aspects of his sentence.

including his right to a trial by judge or jury, his right to ensure the Commonwealth met its burden of proof, and his limited appeal rights.

On the same day, Appellant engaged in an oral guilty plea colloquy before the court. During the oral colloquy, Appellant affirmed, *inter alia*, his decision to plead guilty in all aspects and acknowledged his satisfaction with plea counsel. Nothing in Appellant's oral and written colloquies suggests Appellant's plea was anything but knowing, intelligent, and voluntary. **See Fluharty, supra**. Consequently, Appellant is not entitled to relief on his claims that plea counsel misled him into pleading guilty. **See Moser, supra**; **Pollard, supra**.

In issues four and five combined, Appellant raises unspecified claims regarding PCRA counsel's failure to adhere to the technical prerequisites of **Turner/Finley** and, as a result, Appellant insists the PCRA court should not have allowed counsel to withdraw. Appellant further maintains that the PCRA court should have held an evidentiary hearing before dismissing his petition. Appellant concludes this Court should vacate his guilty plea and sentence or, in the alternative, remand for the appointment of new counsel and an evidentiary hearing. We disagree.

Before counsel can withdraw representation **under the PCRA**, the law requires counsel to satisfy the mandates of **Turner/Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> …**Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit"

- 8 -

> letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed immediately either *pro se* or with new privately-retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Where an appellant fails to present a claim with citations to relevant authority or develop an issue in a meaningful fashion capable of review, the appellant waives the issue on appeal. **Commonwealth v. Johnson**, 604 Pa. 176, 985 A.3d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010). **See also Commonwealth v. Manley**, 985 A.2d 256 (Pa.Super. 2009), *appeal denied*, 606 Pa. 671, 996 A.2d 491 (2010) (holding appellant waived issue on appeal where argument was vague and undeveloped, and appellant failed to specify elements of crimes which Commonwealth allegedly failed to prove at trial).

Here, Appellant does not specify on appeal how counsel failed to meet the requirements of **Turner/Finley**. Instead, Appellant provides only a lengthy recitation of law relating to PCRA review. Appellant's failure to develop his **Turner/Finley** issue with cogent argument and applicable law

- 9 -

precludes meaningful review and constitutes waiver of this claim on appeal.
*See Johnson, supra*; *Manley, supra*.

Moreover, in response to both issues, the PCRA court reasoned:

> In his *pro se* Petition for Post-Conviction Collateral Relief, [Appellant] filed a *pro se* PCRA Petition in which he checked the standard form boxes alleging: (1) violation of the Constitution of this Commonwealth or the Constitution or laws of the United States, in which the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (2) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; and (3) a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent. In support thereof, [Appellant] alleged that his attorney failed to properly investigate and file pretrial motions, that his attorney coerced him into entering a guilty plea, and that several rules of civil procedure were violated pertaining to his civil judgment and these charges should have never been filed.

> \* \* \*

> The *Turner/Finley* decisions provide the requirements for post-conviction counsel to withdraw as the attorney of record. The *Turner/Finley* holdings require that PCRA counsel issue a "no-merit" letter detailing the nature and extent of counsel's review, list the issues the Petitioner wanted raised, and explain why those issues are meritless. The PCRA court then must conduct an independent review of the record and agree with PCRA counsel that the petition is meritless.

> In the instant matter, rather than filing an amended PCRA petition, PCRA [c]ounsel filed a "no-merit" letter pursuant to *Turner/Finley* and Petition to Withdraw as Counsel, which he contemporaneously filed and served upon [Appellant]. PCRA [c]ounsel's "no merit" letter adequately complied with

the requirements of **Turner/Finley**. The letter advised [Appellant] of his right to retain private counsel or proceed *pro se* on issues he believed had merit. PCRA counsel included a copy of the Petition to Withdraw. The "no-merit" letter and the Petition both aver that PCRA [c]ounsel reviewed the record in the present case, corresponded with [Appellant] regarding his issue, and made a conscientious examination of the record for any other potential claims with arguable merit. Further, the letter explains that based on the record and applicable law, PCRA [c]ounsel determined that [Appellant's] claim of ineffective assistance of counsel regarding trial counsel's failure to investigate and file pretrial motions and that his plea was unlawfully induced…was foreclosed by entry of the guilty plea. PCRA [c]ounsel explained that because the two (2) crimes for which [Appellant] admitted guilt contained different elements of proof, merger did not apply. PCRA [c]ounsel also explained that trial counsel could not [have] been deemed ineffective in connection with the guilty plea [rendering] the plea involuntary because a review of the record shows that [Appellant's] plea was knowing, intelligent, and voluntary and [Appellant] was aware of the potential sentence he could serve based upon the sentencing court's discretion. As such, PCRA [c]ounsel addressed the claims raised by [Appellant] in his *pro se* PCRA Petition.

In response to PCRA counsel's "no-merit" letter and Petition to Withdraw pursuant to **Turner/Finley**, [Appellant] filed an Objection on February 16, 2018, in which he raised issues with the **Turner/Finley** letter, specifically regarding PCRA counsel's averment that [Appellant's] claims lacked merit and the adequacy of the **Turner/Finley** letter, for not addressing the malicious prosecution claim raised in [Appellant's] *pro se* Amended Petition.

Upon review of the entire record, PCRA [c]ounsel's **Turner/Finley** letter, and the claims raised in [Appellant's] *pro se* Objection, this [c]ourt issued a Notice of Intent to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 907. In the Notice, this [c]ourt addressed both of [Appellant's] underlying PCRA claims regarding ineffective assistance of counsel…and gave a detailed explanation as to why the claims lacked merit. [Appellant]

- 11 -

did not file a *pro se* Amended PCRA Petition raising additional issues. Thereafter, this [c]ourt issued an Order dismissing [Appellant's] PCRA.

As such, this [c]ourt properly found the ***Turner/Finley*** letter to be adequate and allowed PCRA [c]ounsel to withdraw from representation. Therefore, this [c]ourt's March 28, 2018, Order dismissing [Appellant's] Petition for Post-Conviction Collateral Relief should be affirmed.

\* \* \*

[Appellant's] final issue on appeal asserts that this [c]ourt erred for dismissing [Appellant's] PCRA Petition without an evidentiary hearing in violation of state and federal law. [Appellant] is not correct.

Pennsylvania Rule of Criminal Procedure 907 provides:

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907.

Here, for the reasons stated above and in this [c]ourt's Notice of Intent to Dismiss, this [c]ourt found that [Appellant] did not plead any issues of material fact in his petition that necessitated a hearing. This [c]ourt issued the Notice of Intent in accordance with Pennsylvania Rule of Criminal Procedure 907 and gave [Appellant] the opportunity to respond before ultimately dismissing the

> PCRA Petition. [Appellant] did not raise any additional issues suggesting that a hearing was necessary. [Appellant's] rights were not violated, as the matter was disposed per the Pennsylvania Rules of Criminal Procedure and all due process safeguards were adhered.
>
> **Conclusion**
>
> Therefore, based upon the foregoing, this [c]ourt's March 28, 2018, Order denying [Appellant's] Petition for Relief under the Post-Conviction Relief Act should be affirmed.

(Trial Court Opinion, filed June 13, 2018, at 7-11). (internal footnote and citations omitted). The record supports the court's analysis.

Further, in Appellant's response to the court's Rule 907 notice or on appeal, Appellant raised the competence of counsel's **Turner/Finley** "no-merit" letter, but in only broad, generic terms. Appellant provided no specific shortcomings in counsel's submission. Rather, Appellant flatly stated the "no-merit" letter failed to meet the **Turner/Finley** requirements, which is the functional equivalent of no valid challenge at all. Thus, we decline to critique the content or adequacy of PCRA counsel's filing. **See generally Commonwealth v. Pitts**, 603 Pa. 1, 7, 9-10, 981 A.2d 875, 878, 879-80 (2009) (holding: we cannot review adequacy of **Turner/Finley** "no-merit" letter if appellant failed to articulate his complaints). To the extent counsel's actions in this context were reviewable, the court found PCRA counsel had substantially complied with the requirements of **Turner**/**Finley** and allowed him to withdraw. **See Wrecks, supra**; **Karanicolas, supra**. Based on the foregoing, we conclude no evidentiary hearing was required. **See Wah,**

*supra*.  The record supports the PCRA court's decision to deny Appellant relief on the grounds asserted.  ***See Conway, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/25/2019