J-S26013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ADAM BERTOLETTE | : | |
| | : | |
| Appellant | : | No. 66 MDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000466-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ADAM BERTOLETTE | : | |
| | : | |
| Appellant | : | No. 67 MDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000467-2018

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　　**FILED: OCTOBER 22, 2024**

John Adam Bertolette appeals *pro se* from the order entered in the Huntingdon County Court of Common Pleas on January 4, 2024, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Bertolette raises a claim of ineffective assistance of plea counsel related to his entry of an open guilty plea under both of the above

dockets.[1] For the reasons discussed below, we find the PCRA court properly denied Bertolette relief and affirm.

The trial court previously summarized the factual history of this case on direct appeal as follows:

> On July 20, 2018, [Bertolette] was an inmate incarcerated at SCI Huntingdon. He was employed as a prison maintenance worker, and that day he was performing work at one of the employee residences owned by the facility. [Bertolette], who until that date had been a "model prisoner," was not under the direct supervision of DOC staff. For unexplained reasons he chose to attempt to escape custody. He left SCI-Huntingdon property on foot, walked to a nearby neighborhood, entered an occupied home through an unlocked door, took the homeowner's car keys from her purse, and then stole her Ford Explorer from the garage.
>
> By a combination of luck and sheer happenstance [Bertolette] was apprehended a short time later. The female homeowner was upstairs when he committed the burglary and theft, and no confrontation occurred between them. Instead, having heard the downstairs door open and close with no explanation, the homeowner came downstairs to discover the keys missing from her purse and her Explorer missing from the garage. She called her daughter to ask if the daughter had taken the vehicle, and the two realized that it had been stolen. The homeowner reported the theft to police. The daughter, who happened to be driving nearby, saw [Bertolette] drive past her in the Explorer on State Route 26. She notified 911, and Pennsylvania State Police were able to conduct a traffic stop of the Explorer and take [Bertolette] into custody soon after.
>
> [Bertolette] was charged with one count related to the escape, docketed at CP-31-CR-466-2018, and four counts related to the burglary and theft, docketed at CP-31-CR-467-2018. On December 20, 2018, he entered open guilty pleas to one count of Escape in case no. 466 [18 Pa. C.S.A. § 5121(a), felony of the third degree] and one count of Burglary in case no. 467 [ 18 Pa.

---

[1] We have consolidated Bertolette's two appeals *sua sponte* as they raise identical challenges to the PCRA court's order.

C.S.A. § 3502(a)(1)(ii), felony of the first degree]. On March 7, 2019, the [c]ourt sentenced [Bertolette] to 3-7 years' incarceration on the escape conviction and 6-20 years' incarceration on the burglary conviction, with the sentences to run consecutively (as well as consecutive to the remainder of the sentence he was serving at the time of the escape).

Trial Court Opinion, 10/3/22, at 1-2.

On May 2, 2022, Bertolette's counsel filed a post-sentence motion for modification of sentence in which counsel acknowledged he had not filed a post-sentence motion in a timely fashion and requested to file the post-sentence motion *nunc pro tunc*.

On May 23, 2022, a hearing was held on the matter. Preliminarily, the court granted permission to file the post-sentence motion *nunc pro tunc*. Following argument on the issues raised in the post-sentence motion, the court took the motion under advisement. Following the hearing, the court entered an order denying post-sentence relief. Counsel was subsequently granted permission to withdraw.

New counsel was appointed and filed a motion for leave to file a notice of appeal *nunc pro tunc*, which the court granted. We affirmed the judgments of sentence on appeal. **See Commonwealth v. Bertolette**, 296 A.3d 599 (Pa. Super., filed March 10, 2023) (unpublished memorandum).

On April 3, 2023, Bertolette filed the instant timely *pro se* PCRA petition. Counsel was appointed but did not file an amended petition. Instead, counsel

filed a **Turner/Finley**[2] no-merit letter followed by a motion to withdraw as counsel. In response, Bertolette filed a motion to strike the motion to withdraw and the **Turner/Finley** letter. Bertolette also filed a motion for appointment of new PCRA counsel. Bertolette soon thereafter filed a motion for leave to file an amended petition, a proposed amended petition, and a brief in support thereof. Bertolette also filed a response to counsel's motion to withdraw.

On December 15, 2023, the PCRA court issued an "Order, Opinion, and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907(1)." In the opinion, the PCRA court addressed all claims raised by Bertolette. Furthermore, in the order, the court (1) granted counsel leave to withdraw, (2) gave notice of its intent to dismiss the PCRA petition without a hearing, and (3) denied Bertolette's motion for leave to file an amended petition, motion to strike the **Turner/Finley** motion, and motion for appointment of new PCRA counsel. After receiving Bertolette's response to the Rule 907 notice, the court entered an order dismissing the PCRA petition. This timely appeal followed.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the

---

[2] Counsel petitioning to withdraw from PCRA representation are required to proceed under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to hire new counsel or proceed *pro se*.

court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See Commonwealth v. Benner,* 147 A.3d 915, 919 (Pa. Super. 2016).

"A plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989) (citation omitted). Here, Bertolette failed to raise a challenge to his guilty plea at any time before the trial court. Bertolette did not move to withdraw his plea either. He also did not raise a claim challenging his plea on direct appeal. Therefore, any challenge to his guilty plea is undoubtedly waived. *See* 42 Pa.C.S.A. § 9544(b).

Seemingly recognizing this, Bertolette phrases his current challenge as a claim that plea counsel was ineffective for improperly inducing his plea. Specifically, Bertolette claims plea counsel did not provide him with full discovery until after his plea and that this caused him to "erroneously concede" the intent element of his burglary conviction. *See* Appellant's Brief, at 7, 13. Accordingly, Bertolette claims his plea was not voluntarily, knowingly and intelligently entered as a result of ineffective assistance of counsel.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365,

369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (internal quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687-88 (1984); **Commonwealth v. Kimball**, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See id**.. at 1163. Where, as here, the appellant pleaded guilty, in order to satisfy the

prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Rathfon**, 899 A.2d at 370 (citation omitted).

In assessing the voluntariness of a guilty plea, we note "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

On December 20, 2018, the parties appeared for a scheduled pretrial conference under the above two dockets. Defense counsel stated that a last-minute plea offer had been discussed but Bertolette was not inclined to accept the offer due to the district attorney's offer being at the top of the sentencing guideline range. **See** N.T., Guilty Plea Hearing, 12/20/2018, at 1. However, defense counsel indicated Bertolette was inclined to instead enter an open guilty plea to the burglary charge under docket number 467, and the escape charge under docket number 466. **See id**. Counsel initially requested a

presentence investigation, but indicated a review of Bertolette's institutional file would be sufficient. *See id*. at 1-2.

During an oral guilty plea colloquy, the court advised Bertolette of the nature of the charges, the permissible range of sentences, and that the sentences could be run consecutively to each other and to any other sentences already being served. *See id*. at 3-4. The court also advised Bertolette of his right to a jury trial. *See id*. at 5. Bertolette acknowledged that he understood the rights he was waiving, that no promises had been made in exchange for his plea, and that he had enough time to speak with his attorney about the plea. *See id*. The court additionally went over the factual basis for the plea and Bertolette expressly affirmed his acceptance of the factual basis. *See id*. at 5-6. The court then accepted the plea under both dockets.

Bertolette admits to the above concessions during his guilty plea. In doing so, Bertolette further admits that he did not lie under oath. *See* Appellant's Brief, at 13. Rather, Bertolette contends he erroneously conceded the intent element of the burglary charge during the colloquy "based on his attorney's erroneous explanation of the law, and based on other deficiencies in his attorney's performance." *Id*.

Bertolette specifically only challenges the voluntariness of his plea based on the lack of evidence surrounding the intent element of his burglary conviction. Bertolette concedes the other two elements of the crime of burglary, namely that he was in the residence and that another person was

present at that time. *See id.* at 9; *see also* 18 Pa.C.S.A. § 3502(a)(1)(ii). We simply find no support for Bertolette's claim that plea counsel's actions, or inactions, somehow forced him to concede intent. With or without full discovery, Bertolette would have known at the time he entered his plea what his own intent was on the day in question.

Considering the totality of the circumstances, the record reflects that Bertolette voluntarily, knowingly, and intelligently tendered his guilty plea. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). Bertolette stated he understood the nature of the charges he was facing. At no time did he allege he was without the necessary information needed to enter a knowing plea. Conversely, Bertolette expressly indicated his understanding of the crimes to which he was pleading guilty and the factual basis for his plea. Moreover, Bertolette concedes in this proceeding that he entered the residence not with an intent to commit a crime there but "seeking a place to 'hide out' from his pursuers." Appellant's Brief, at 19. Although he argues he did not have the intent to commit any other crime (such as theft, which he eventually did commit) his admission to entering the home with the intent to escape from custody, a crime itself, was sufficient to establish the necessary intent element of burglary. *See Commonwealth v. Alford*, 880 A.2d 666 (Pa. Super. 2005).

Bertolette cannot now baldly recant his representations made under oath to the court at the time of his plea, **see Pollard**, 832 A.2d at 523, or ignore his admission to the element of intent in this PCRA proceeding. Therefore, Bertolette has failed to establish that his claim has arguable merit.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Bertolette's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024